IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH A. CROMIE, JR. ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | Electronically Filed |
| CONN-X, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), the Rehabilitation Act of 1973 (Rehab Act), as amended (29 U.S.C. §791 et seq.), the Pennsylvania Wage Payment & Collection Law (WPCL)(43 P.S. §260.1 et seq.), and Pennsylvania common law to correct unlawful employment practices on the basis of disability, to collect wages and benefits unlawfully denied, and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a).  This action is authorized and instituted pursuant to the Rehab Act, FLSA, WPCL, and state common law.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, Pennsylvania, where Defendant is located and where Plaintiff worked and, therefore, this

action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

### PARTIES

4.  Plaintiff Kenneth A. Cromie, Jr. (hereinafter referred to as "Plaintiff" or "Cromie"), has resided at all relevant times at 286 Bailies Run Road, Creighton, PA 15030. Plaintiff was employed by Conn-X, LLC from in or about May 2005, until on or about January 17, 2007, when he was terminated.

5.  At all relevant times, Defendant Conn-X, LLC (hereinafter referred to as "Defendant" or "Conn-X"), a Pennsylvania limited liability corporation, has had its headquarters at 3121 Smallman St, Pittsburgh, PA 15201. Defendant provides telephone communications and cable television services, and conducts business within the Commonwealth of Pennsylvania and at several other locations within the U.S..

6.  At all relevant times, Defendant has been subject to the FLSA, the Rehab Act, and the WPCL.

### BACKGROUND AND STATEMENT OF CLAIMS

7.  Plaintiff began working on or about May 26, 2005, for Defendant.

8.  At first, Plaintiff was an Installer (cable installation for homes) and was paid on a piece-work basis (a certain amount of money for each installation accomplished).

9.  Plaintiff continued as an Installer until the middle of October 2005.

10. During the months from May until October 2005, Plaintiff was non-exempt within the meaning of the FLSA.

11. This required by law that he be paid overtime at time-and-one-half his regular rate of pay for any hours worked in excess of forty (40) hours in a workweek.

12. This also required Defendant maintain accurate time records.

13. Contrary to these requirements, Plaintiff was not paid overtime for any of the hours he worked in excess of forty in many of the workweeks.

14. Defendant also failed to maintain accurate time records during this period of time (May 2005 until October 2005).

15. Plaintiff was promised during his work as an Installer that he would be paid the prevailing wage while doing any work on public housing.

16. This promise was a term and condition of employment.

17. This promise created an enforceable obligation to pay the prevailing wage for work on public housing.

18. Despite this promise, Defendant failed to pay Plaintiff at the prevailing wage for much of the work done by Plaintiff on public housing.

19. In or about the middle of October 2005, Plaintiff was promoted to Technician Field

Supervisor.

20. Upon his promotion he was paid a flat rate of $800.00 per week as a salary.

21. In or about November 2005, Plaintiff was injured at work.

22. Plaintiff suffered a severe injury to his lower spine.

23. Plaintiff's condition substantially impairs his ability to perform major life activities (sleeping; walking; engaging in strenuous activities; working) as compared to the average person.

24. This condition is a substantial impairment within the meaning of the Rehab Act.

25. Plaintiff has a history of such a substantial impairment within the meaning of the Rehab Act.

26. Plaintiff has been regarded by Defendant as having such a substantial impairment within the meaning of the Rehab Act.

27. As a result of this injury Plaintiff was unable to work, and underwent surgery (C5-C6 spinal fusion) in March 2006.

28. Plaintiff returned to work with restrictions (no more than 40 hours of work per week, no climbing or heavy lifting) in May 2006.

29. Plaintiff required these accommodations (fewer hours of work, no climbing or heavy lifting) in order to allow Plaintiff to continue to perform the essential functions of his job.

30. The accommodations were reasonable.

31. Defendant refused to accommodate Plaintiff.

32. During the time Plaintiff was off he was collecting workers' compensation (weekly benefits).

33. Between May 2006 and January 17, 2007, which is when Plaintiff was terminated, Plaintiff was required to take time off on occasion because of the continuing problems associated with his work injury.

34. For example, Plaintiff had to take time off on or about November 15, 2006, until December 5, 2006, because of his injuries and the residual disabilities associated with these injuries (pain, numbness, inability to walk or engage in strenuous activities).

35. On or about January 17, 2007, Plaintiff was terminated.

36. Plaintiff was told the reason for the termination was Plaintiff's alleged misappropriation of Defendant's funds concerning certain sub-contracting work being done to repair Defendant's vehicles.

37. This issue was litigated before an Unemployment Compensation referee, both Defendant and Plaintiff appeared and offered evidence, and it was ruled Plaintiff did not

misappropriate any funds but rather acted in accordance with Defendant's instructions.

38. The reason given for the termination was false and was a mere pretext for disability discrimination and retaliation against Plaintiff for his having applied for and received workers' compensation benefits.

### COUNT I: FLSA - OVERTIME

39. Plaintiff hereby incorporates Paragraphs 1 through 38 of his Complaint as though the same were more fully set forth at length herein.

40. Plaintiff was an employee within the meaning of the FLSA.

41. Plaintiff was non-exempt until some time in October 2005 and, thus, entitled to overtime at time and one-half for hours worked in excess of forty hours per week.

42. Plaintiff worked in excess of forty hours in many workweeks between May 2005 and October 2005.

43. Defendant failed to pay overtime to Plaintiff for hours worked in excess of forty hours in many workweeks.

44. Defendant's failure to pay overtime at time-and-one-half was knowing and willful.

45. Defendant also failed to maintain accurate time records in accordance with the FLSA.

46. Defendant's failure to maintain accurate time records was knowing and willful and in violation of the FLSA.

**COUNT II: WRONGFUL TERMINATION - VIOLATION OF PUBLIC POLICY (WORKERS' COMPENSATION)**

47. Plaintiff hereby incorporates by reference Paragraphs 1 through 46 of his Complaint as though the same were more fully set forth herein.

48. Defendant fired Plaintiff because of his having applied for and received workers' compensation benefits.

49. Defendant's termination of Plaintiff violates public policy (Shick v. Shirey, 552 Pa. 590, 716 A.2d 1231 (1998)).

50. Plaintiff has lost income, been denied benefits, and suffered mental anguish and humiliation as a result of this violation.

51. Plaintiff is seeking reinstatement, lost wages, lost benefits, compensation for pain and suffering, attorney's fees and costs.

**COUNT III: BREACH OF CONTRACT (PREVAILING WAGE)**

52. Plaintiff hereby incorporates Paragraphs 1 through 51 of his Complaint as though the same were more fully set forth at length herein.

53. Defendant promised Plaintiff as a term and condition of employment to pay Plaintiff the

prevailing wage for work performed in public housing.

54. Defendant breached its promise to Plaintiff by not paying Plaintiff at the prevailing wage.

55. Plaintiff is entitled to the benefit of the bargain (i.e., payment of the prevailing wage).

### COUNT IV: PA WAGE PAYMENT AND COLLECTION LAW (WPCL)

56. Plaintiff hereby incorporates Paragraphs 1 through 55 of his Complaint as though the same were more fully set forth at length herein.

57. The payments due Plaintiff for hours worked at the prevailing wage are wages within the meaning of the WPCL.

58. Defendant's failure to pay these wages was a violation of the WPCL.

59. Defendant's refusal to pay was knowing and willful.

### COUNT V: DISABILITY DISCRIMINATION (REHAB ACT) - DISCRIMINATORY DISCHARGE / FAILURE TO ACCOMMODATE / RETALIATION

60. Plaintiff hereby incorporates Paragraphs 1 through 59 of his Complaint as though the same were more fully set forth at length herein.

61. Plaintiff is a qualified individual with a disability.

62. There were jobs available that Plaintiff was qualified to perform.

63. Defendant's refusal to accommodate Plaintiff was unreasonable.

64. It was not an undue hardship for Defendant to accommodate Plaintiff, either in his prior position or in another available position.

65. Defendant's failure to accommodate is a violation of the Rehab Act.

66. Defendant retaliated against Plaintiff by terminating him for having requested an accommodation.

67. Defendant knew its actions against Plaintiff were in violation of the Rehab Act.

68. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law.

69. Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, interest and other appropriate relief, including reinstatement.

### PRAYER FOR RELIEF

70. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendant, its officers, successors, and assigns and all persons in active concert or participation with them from engaging in any employment practice which violates public policy.

   B. Order Defendant to make whole Plaintiff, by paying appropriate back pay with

          prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C.      Order Defendant to pay compensatory and punitive damages to Plaintiff in an amount to be determined at trial.

D.      Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

E.      Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers  
Joseph H. Chivers, Esquire  
PA ID No. 39184  
Suite 600  
312 Boulevard of the Allies  
Pittsburgh, PA  15222  
(412) 281-1110  
(412) 281-8481 FAX  

Counsel for Plaintiff  
Kenneth A. Cromie, Jr.

DATED: July 17, 2007